**EPSTEIN**
**BECKER**
**GREEN**

Attorneys at Law

James P. Flynn
t 973.639.8285
f 973.639.8931
jflynn@ebglaw.com

November 4, 2013

<u>VIA ECF</u>
Hon. Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: **Ross University School of Medicine, et al. v. Behzad Amini, et al.**
    **Case No.: 3:13 cv 06121**

Dear Judge Thompson:

      We represent the plaintiffs in the above-referenced action. On October 30, 2013, we received from defendant Behzad Amini what we submit is improper supplemental briefing in opposition to our pending application for a preliminary injunction. In an Order dated October 28, 2013, Your Honor extended the restraints previously imposed upon defendants. No additional briefing was requested by the Court nor was permission for additional briefing granted.

      In his improper briefing submitted as a so-called "Amended" Response, Mr. Amini adds legal citations and arguments not previously raised before plaintiffs' reply and the parties' oral argument on October 28, 2013. Further, Mr. Amini continues to misrepresent the law as well as the facts and circumstances giving rise to this dispute. Most glaringly, Mr. Amini plainly mischaracterizes the *American University of Antigua College of Medicine v. Woodward*, 837 F. Supp. 2d 686 (E.D. Mich. 2011) decision cited in his supplemental brief. Contrary to Mr. Amini's characterization, *Woodward* is **not** a "multiple domain" case. It is a single website case and thus has no relevance to this case, in which Mr. Amini admits to having established multiple offending websites as part of his campaign to injure our clients' educational and financial operations. Throughout the decision, the *Woodward* court makes reference to the single website at issue there. *See id.* at 688-89 (plaintiff brought suit against defendant "seeking to quiet his complaints about AUA and shut down his internet *website* with the domain *name* www.aua.med.com where many of his complaints are being published") (emphasis supplied); *id.* at 689 (refers to the aua-med.com *website*) (emphasis supplied); *id.* at 694 (refers to defendant's "use of the aua-med.com *website*") (emphasis supplied); *id.* at 697 (refers to defendant's "alleged defamatory statements on his *website*") (emphasis supplied); *id.* at 700 (refers to plaintiff's request for "an injunction preventing [defendant] from publishing any defamatory content, whether on his *website* or by any other measure") (emphasis supplied); *id.* at 701 (refers to defendant's "*website*") (emphasis supplied). We previously have demonstrated the dispositive difference between the use of a single "gripe site" as in *Woodward* and the use of multiple

Hon. Anne. E. Thompson, U.S.D.J.
November 4, 2013
Page 2

websites to inflict consumer confusion and to tarnish properly registered marks as Amini has done here. *See* Plaintiffs' Opening Brief at 17- 21; Plaintiffs' Reply Brief at 5-6.

We object to Mr. Amini's improper and misleading supplemental briefing and ask that the Court disregard same.

Under the circumstances, we respectfully request that the Court, consistent with Rule 78 of the Federal Rules of Civil Procedure, enter the previously submitted proposed preliminary injunction order, a copy of which is enclosed herewith.

Respectfully submitted,

*James P. Flynn*

JF:mtk
Encl.

cc:   Behzad Amini (via ECF)