**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE and GLOBAL EDUCATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEHZAD AMINI, WWW.ROSSU.NET, WWW.ROSSMEDICALSCHOOL.ORG, WWW.ROSSMEDSCHOOL.COM and WWW.JOHNDOEROSSINFRINGINGSITES1-20.DOE <br><br> Defendants. | Civil Action No. 3:13-cv-06121-AET-TJB |

_____

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTIONS TO DISMISS THE VERIFIED**
**COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE**

_____

EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone:  (973) 642-1900
Facsimile:   (973) 642-0099
Attorneys for Plaintiffs
Ross University School of Medicine and
Global Education International, Inc.

FIRM:24126698v1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND...........................................................3

ARGUMENT ......................................................................................................................5

      POINT I.        THE COURT'S EXERCISE OF PERSONAL
                           JURISDICTION OVER THE DEFENDANTS IS PROPER...........................5

                A.   Amini Has Contractually Submitted
                     to the Jurisdiction of this Court ................................................................5

                B.   Amini's Conduct Directed Toward and Causing
                     Injury in  New Jersey Justifies the Court's
                     Exercise of Personal Jurisdiction ............................................................7

      POINT II.     THE DISTRICT OF NEW JERSEY IS A
                           PROPER VENUE FOR THIS DISPUTE...................................................9

                A.   Amini Has Contractually Consented to This Venue .................................9

                 B.   Venue Is Proper Even in the Absence of
                     the Controlling Forum Selection Clause ..................................................10

      POINT III.    TRANSFER OF THIS ACTION TO
                           ARIZONA WOULD BE IMPROPER...........................................................11

CONCLUSION....................................................................................................................14

i

**TABLE OF AUTHORITIES**

**Page(s)**

<u>CASES</u>

*Bear Stearns Cos. v. Lavalle*,
2001 U.S. Dist. LEXIS 4913 (N.D. Tex. Apr. 19, 2001)..................................................11

*Central Contracting Co. v. Maryland Casualty Co.*,
367 F.2d 341 (3d Cir. 1966)..................................................10

*Community Surgical Supply of Toms River v. Medical DiaMed LLC*,
2011 U.S. Dist. LEXIS 82695 (D.N.J. July 27, 2011)..................................................11

*Farris v. County of Camden*,
61 F. Supp. 2d 307 (D.N.J. 1999)..................................................7

*Harsco Corp. v. Zlotnicki*,
779 F. 2d 906 (3d Cir. 1985)..................................................7

*IMO Industries, Inc. v. Kiekeel AG*,
155 F. 3d 254 (3d Cir. 1998)..................................................8

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982)..................................................5

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)..................................................8

*Jumara v. State Farm Inc.*,
55 F.3d 873 (3d Cir. 1995)..................................................12

*M/S Bremen v. Zapata Off-Shore Corp.*,
407 U.S. 1 (1972)..................................................9

*National Equipment Rental, Ltd. v. Szukhert*,
375 U.S. 311 (1964)..................................................5

*Prudential Insurance Co. of America v. Figueredo*,
2007 U.S. Dist. LEXIS 69576 (D.N.J. Sept. 20, 2007)..................................................11

*Scherk v. Alberto-Culver Co.*,
417 U.S. 506 (1974)..................................................9

*Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC*,
2007 U.S. Dist LEXIS 53655 (D.N.J. July 25, 2007)..................................................6

*Yousef v. General Dynamics Corp.*,
205 N.J. 543, 16 A.3d 1040 (2011)..................................................13

FIRM:24126698v1

## STATUTES AND RULES

28 U.S.C. § 1391(b)(2) ..................................................................................................................10

28 U.S.C. § 1404(a) .....................................................................................................................11

Federal Rule of Civil Procedure 12(b)(2) .....................................................................................1

Federal Rule of Civil Procedure 12(b)(3) ................................................................................1, 11

FIRM:24126698v1

## PRELIMINARY STATEMENT

Plaintiffs Ross University School of Medicine ("RUSM") and Global Education International, Inc. ("Global Education International") respectfully submit this memorandum of law in opposition to defendants' motions to dismiss the Verified Complaint  pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

This action arises out of defendant Behzad Amini's campaign to disparage, discredit and disrupt the operations of RUSM, the Caribbean medical school from which he was permitted to voluntarily withdraw last year as part of the settlement of a grievance filed against him by a fellow student.  Amini admits to establishing a network of as many as twenty bogus RUSM websites specifically designed to confuse prospective RUSM students, members of the medical education community and the general public.  Amini's efforts are in clear violation of state and federal law, as well as his contractual obligations under the settlement agreement he entered into with RUSM as part of his withdrawal from the school.

Plaintiffs commenced this action on October 16, 2013, at which time the Court entered a temporary restraining order against the defendants.  Those restraints, which effectively shut down Amini's offending websites, remain in place while the Court considers plaintiffs' application for a preliminary injunction.  Displeased that his anti-RUSM campaign has been thwarted, Amini now urges the Court to dismiss the Verified Compliant on venue and personal jurisdiction grounds or, alternatively, to transfer venue to the District of Arizona.  Amini's motions are as predictable as they are baseless.

As discussed below in Point I, the plain and unambiguous language of the settlement agreement between RUSM and Amini is fatal to his jurisdictional argument.  There,

FIRM:24126698v1

Amini expressly consented to this Court's exercise of jurisdiction over him.  Even absent that

contractual consent to jurisdiction, Amini's conduct directed at and causing substantial injury to

RUSM in New Jersey provides an adequate basis for personal jurisdiction.

   The settlement agreement is also fatal to Amini's venue motion.  As demonstrated

below in Point II, in the forum selection clause of the settlement agreement Amini agreed that

this District is a proper venue for this dispute.  It is well settled that forum selection clauses are

prima facie valid.  Absent extraordinary circumstances, they should be enforced.  No such

extraordinary circumstances are presented here.  This venue is proper even absent the settlement

agreement's forum selection clause.  In executing the settlement agreement, Amini contracted

with an entity that maintains a substantial presence and conducts significant operations in New

Jersey.  The settlement agreement was negotiated in New Jersey between Amini and a New

Jersey-based entity.  Further, Amini's wrongful conduct has caused substantial harm to RUSM's

operations based in New Jersey.  Under these circumstances, Amini cannot be heard to deny that

a substantial part of the events giving rise to this action occurred in New Jersey for purposes of

establishing venue.

   Finally, there is no merit to Amini's contention that the Court should transfer

venue to the District of Arizona.  As demonstrated below in Point III, it long has been recognized

that a plaintiff's choice of venue should not be lightly disregarded.  It is equally well settled that,

on a motion to transfer venue, a court should give substantial consideration to a forum selection

clause such as the one through which Amini fixed New Jersey as the parties' venue of choice.

Clearly, Amini wishes to avoid this Court because it already has made determinations adverse to

him.  While he may prefer to proceed in the District of Arizona, the fact remains that the *only*

person who would benefit from a transfer of venue is Amini.  Witnesses, relevant documents and

2

plaintiffs' counsel are located in New Jersey, Florida and Illinois.  A transfer of venue from New Jersey would inconvenience everyone involved in this dispute except Amini -- and he, of course, already has contractually committed to litigating here in New Jersey.

In the end, the only justification Amini articulates for transferring venue is that he allegedly is unable financially to proceed here.  Plaintiffs respectfully submit that Amini's representations regarding his financial resources should not be accepted at face value.  His docketed declaration in support of this contention is thin, unsigned and entitled to no weight whatsoever.  Further, Amini certainly possessed sufficient resources to cover the not insignificant costs associated with establishing the network of bogus RUSM websites at issue in this litigation, including the registration fees required for each sham website.  Further, it is worth noting that at the outset of this litigation, Amini claimed to be so poor that he could not afford a telephone and thus requested permission to participate in the initial hearing via Skype.  The Court denied that request.  Immediately thereafter, Amini somehow managed to participate in the preliminary injunction hearing by telephone.  Amini's contention now that he is financially destitute and unable to proceed in New Jersey is, plaintiffs submit, equally suspect.

## FACTUAL AND PROCEDURAL BACKGROUND

RUSM is one of the world's largest providers of medical education.  Its primary campus is located in the Caribbean country of Dominica.  RUSM's administrative offices are located in North Brunswick, New Jersey and in Miramar, Florida.  Global Education International is the registered owner of Ross University's registered trademarks that are at issue in this litigation.  *See* Verified Complaint, ¶¶ 15-19.

Amini is a disgruntled former RUSM student.  He commenced his studies at RUSM in January 2009.  In September 2011, an RUSM student filed an internal grievance

3

FIRM:24126698v1

against Amini.  On February 10, 2012, RUSM and Amini entered into a Settlement Agreement

with Mutual Releases ("Settlement Agreement").  *Id.*, ¶¶ 25-28, Exhibit B.  Pursuant to the

Settlement Agreement, Amini was permitted to voluntarily withdraw from RUSM without

having to appear before the grievance committee investigating the serious charges filed against

him.  Significantly for purposes of these motions, in the Settlement Agreement Amini both

acknowledged that this Court would be a proper venue for any dispute arising thereunder and

consented to this Court's exercise of personal jurisdiction over him in any such action.  *Id.*, ¶ 36,

Exhibit B at § 4.6.

In the past, Amini has launched a series of aggressive and very public attacks on

RUSM.  Therein, he shamefully accused members of RUSM's senior administration of

wrongdoing.  He also made baseless accusations regarding the school's fiscal integrity and the

quality of its educational services.  RUSM consistently ignored Amini's hostile outbursts.  *Id.,*

¶ 2.  More recently, however, Amini significantly escalated his efforts to undermine RUSM's

educational and financial operations.  In violation of federal and state laws as well as his own

contractual obligations, Amini established a network of as many as twenty bogus websites.  He

admitted that those sham websites were named and designed to confuse the public.  Prior to the

Court's entry of temporary restraints, persons seeking information about RUSM were being

drawn to what they assumed were legitimate RUSM websites.  In fact, the bogus websites were

controlled by Amini.  They served as the vehicle through which Amini disseminated wildly

inaccurate allegations regarding RUSM and launched reckless personal attacks on its senior

administrators -- going so far as to accuse these highly credentialed medical educators of

engaging in criminal conduct.  *Id.,* ¶¶ 3-4.

FIRM:24126698v1

In the Verified Complaint, plaintiffs assert a claim for breach of the Settlement Agreement's non-disparagement provision, as well as claims under the Anticybersquatting Consumer Protection Act, Trademark Dilution Act, Lanham Act and related state laws.  They seek preliminary and permanent injunctive relief, monetary damages, attorneys' fees and costs.

## ARGUMENT

## POINT I.

### THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS IS PROPER

#### A.    Amini Has Contractually Submitted to the Jurisdiction of this Court

Amini's jurisdictional motion is entirely without merit.  At Section 4.6 of the Settlement Agreement, Amini "expressly consented" to this Court's exercise of personal jurisdiction over him in the context of any dispute arising out of that agreement.  *Id.*, ¶ 36, Exhibit B at §4.6.  Such clauses are standard fare and routinely enforced.  The Supreme Court has recognized that because "the requirement of personal jurisdiction is first of all an individual right," a party is always free to expressly or impliedly consent to the personal jurisdiction of a particular court.  *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982).  Indeed, the Supreme Court has noted that "parties to a contract may agree in advance to submit to the jurisdiction of a given court."  *National Equip. Rental, Ltd. v. Szukhert,* 375 U.S. 311, 316 (1964).  This is precisely what Amini and RUSM did in Section 4.6 of the Settlement Agreement.

There is no basis in law or logic to permit Amini to walk away from his unambiguous and unequivocal consent to this Court's jurisdiction.  Nevertheless, he urges the Court to disregard Section 4.6 of the Settlement Agreement on the grounds of fraud and duress.  Amini maintains that RUSM remained "silent" during the negotiations because "they had

5

already, or were about to disclose to Mr. Amini's new medical school" the circumstances of his

withdrawal from RUSM.  *See* Amini's Brief in Support of Motion to Dismiss ("Amini's Motion

to Dismiss Brief") at p. 18.  This self-serving -- and wholly baseless -- conjecture on Amini's

part is entitled to no weight whatsoever.  Conclusory and generalized allegations of fraud will

not bar enforcement of a consent-to-jurisdiction clause; instead, to sidestep the jurisdictional

clause Amini must demonstrate that he assented to that specific provision due to RUSM's

allegedly fraudulent conduct.  *See Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC,*

2007 U.S. Dist LEXIS 53655, at *10 (D.N.J. July 25, 2007).  Amini demonstrates nothing of the

kind here.  He offers no evidence of any fraud that induced him to consent to this Court's

jurisdiction, nor is there any such evidence.

Equally unavailing is Amini's contention that RUSM "used its bargaining power

to force a weaker party, Mr. Amini, to agree to its term, leaving Mr. Amini with no power to

negotiate."  *See* Amini's Motion to Dismiss Brief at p.18.  Amini maintains that he was coerced

into signing the Settlement Agreement in return for "basic services that any medical student at

the University was entitled to receive from its administration."  *Id.* at pp. 18-19.  Of course, in

executing the Settlement Agreement, Amini expressly acknowledged the absence of any such

duress or coercion.  *See* Verified Complaint, Exhibit B at § 4.11.  Moreover, Amini's fraud and

duress allegations cannot stand in light of the undisputed fact that he was represented by not just

one but two independent attorneys at the time the Settlement Agreement was negotiated and

executed.  *See* Amini's Brief in Opposition to Plaintiffs' Application for a Preliminary Injunction

("Amini's Opposition Brief") at p. 8.  Indeed, throughout the relevant time period Amini appears

to have had ongoing access to the advice and counsel of a third attorney - - his ex-wife.  *Id.* at pp.

6-7; Amini's Motion to Dismiss Brief at pp. 7-8.  Amini acknowledged in the Settlement

6

Agreement that he was represented by counsel.  *See* Verified Complaint, Exhibit B at p. 2.

Significantly, not once has Amini maintained that he received inadequate counsel from any of

the various attorneys representing him at the relevant time.  The fact that a party is represented

by counsel throughout the negotiation and execution of a contract cuts firmly against any

argument of duress.  *See Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 911 (3d Cir. 1985).

Further, it is settled law that "where there is adequacy of consideration, there is

generally no duress."  *Farris v. County of Camden*, 61 F. Supp. 2d 307, 337 (D.N.J. 1999)

(internal quotation omitted).  Amini cannot credibly argue that he received inadequate

consideration in exchange for his execution of the Settlement Agreement.  In fact, in the

Settlement Agreement Amini expressly acknowledged that he did receive good and valuable

consideration.  *See* Verified Complaint, Exhibit B at p. 2.  This consideration included, among

other things, RUSM's agreement to permit Amini to voluntarily withdraw from RUSM rather

than attempt to defend himself before the grievance committee.  *Id*., § 2.1.  As part of the

settlement, RUSM also agreed to provide Amini with a reference letter for use in applying to

other medical schools.  *Id*., § 3.2.

In short, because Amini consented to this Court's jurisdiction as part of the valid

and binding Settlement Agreement, his jurisdictional motion must be dismissed.

**B.      Amini's Conduct Directed Toward and Causing Injury in
New Jersey Justifies the Court's Exercise of Personal Jurisdiction**

Even if it were to overlook his contractual consent to jurisdiction, the Court could

still properly exercise personal jurisdiction over Amini.  Amini maintains that the exercise of

personal jurisdiction would be improper because he resides in Arizona and none of his conduct

was directed toward New Jersey.  *See* Amini's Motion to Dismiss Brief at pp. 20-21.  Amini is

wrong.

In order to demonstrate the minimum contacts necessary to establish jurisdiction, plaintiffs must show that defendants have "purposefully directed their activities toward the forum state, or otherwise purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See IMO Industries, Inc. v. Kiekeel AG*, 155 F. 3d 254, 259 (3d Cir. 1998) (internal citations and quotations omitted). Here, Amini indisputably negotiated the Settlement Agreement with RUSM, an entity with a bona fide New Jersey presence. *See* Verified Complaint, ¶ 15. In doing so, Amini availed himself of the privilege of conducting activities in New Jersey. Moreover, Amini concedes that the Settlement Agreement was negotiated in New Jersey. *See* Amini's Brief in Support of Transfer of Venue ("Amini's Transfer of Venue Brief") at p.13. Compelling Amini's presence in a New Jersey court to answer for his breach of the contract he entered into with a New Jersey entity simply does not offend any traditional notions of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Furthermore, Amini's wrongful out-of-state conduct has caused injury to an entity operating in New Jersey. As demonstrated in the accompanying Declaration of Andrew Andress ("Andress Declaration"), RUSM maintains a substantial presence and conducts significant operations in North Brunswick, New Jersey. *See* Andress Declaration, ¶¶ 7-13. The disruption Amini's improper conduct has caused to RUSM's marketing and enrollment operations alone -- both of which are based in New Jersey -- has been substantial. *See* Verified Complaint, ¶¶ 79, 83, 89-91, 99-101; Andress Declaration, ¶¶ 10, 12, 14. Given Amini's activities directed toward and causing grave injury in New Jersey, the Court has ample grounds upon which to exercise personal jurisdiction over these defendants.

FIRM:24126698v1

## POINT II.

## THE DISTRICT OF NEW JERSEY
## IS A PROPER VENUE FOR THIS DISPUTE

### A.    Amini Has Contractually Consented to This Venue

The plain language of the Settlement Agreement is also fatal to Amini's venue

motion.  Amini expressly conceded that this Court would be a proper venue for any dispute

relating to the performance or terms of the Settlement Agreement.  At Section 4.6, Amini agreed

that any such action "shall be brought in the Superior Court of New Jersey, Middlesex County or

the United States District Court for the District of New Jersey."  *See* Verified Complaint, Ex. B

at § 4.6.

Such forum selection clauses are as common as consent-to-jurisdiction provisions,

and no less enforceable.  They serve the laudable goal of eliminating uncertainty between

contracting parties by enabling them to agree in advance of a dispute on an acceptable forum in

which to resolve their differences.  *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 518 (1974).

As the Supreme Court has instructed, forum selection clauses "are prima facie valid and should

be enforced unless the enforcement is shown by the resisting party to be 'unreasonable' under

the circumstances."  *M/S Bremen v. Zapata Off-Shore Corp.*, 407 U.S. 1, 10 (1972).  A forum

selection clause "should control absent a strong showing that it should be set aside." *Id.* at 15.

To make the requisite "strong showing," Amini must establish that enforcement "would be

unreasonable and unjust, or that the clause was invalid for such reasons as fraud or

overreaching"; that enforcement "would contravene a strong public policy of the forum in which

suit is brought"; or that this venue "is *seriously* inconvenient for the trial of the action."  *Id*. at

15-17 (emphasis in original).

9

Amini does not even remotely satisfy this exacting standard.  He has not demonstrated and cannot demonstrate that there is anything unreasonable about holding him to the plain language of the Settlement Agreement's forum selection clause.  As noted above, he was represented by counsel at all relevant times.  The Settlement Agreement was supported by adequate consideration.  Moreover, in executing the Settlement Agreement, Amini was contracting with a New Jersey entity and thus there is nothing inequitable or unforeseeable about his being required to litigate in a New Jersey court a dispute arising out of his contract with that New Jersey entity.

Amini merely argues that the District of New Jersey is an improper venue because he is unemployed and lacks the financial resources to litigate this case in New Jersey.  *See* Amini's Declaration in Support of Motion to Dismiss, ¶¶ 2-7.  This argument falls well short of the mark.  As noted above, in support of the claim that he is financially unable to proceed in this District, Amini has filed a thin and unsigned declaration.  It is entitled to no weight.  In any event, financial hardship alone is insufficient to invalidate a forum selection clause.  *See Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341, 344 (3d Cir. 1966).  In sum, Amini knowingly, freely and upon the advice of counsel agreed to the forum selection clause at issue here.  It should be enforced.

### B.   Venue Is Proper Even in the Absence of the Controlling Forum Selection Clause

Even if the Court were to disregard Amini's express consent to this venue, the District of New Jersey plainly is a proper venue for this dispute.  Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  Courts making venue determinations commonly look to such factors as where the contract at issue was negotiated and where any alleged harm was felt.  *See, e.g.,*

10

*Community Surgical Supply of Toms River v. Medical DiaMed LLC*, 2011 U.S. Dist. LEXIS

82695, at \*11 (D.N.J. July 27, 2011); *Prudential Ins. Co. of Am. v. Figueredo*, 2007 U.S. Dist.

LEXIS 69576, at \*6 (D.N.J. Sept. 20, 2007).  Here, Amini concedes that the Settlement

Agreement was negotiated in New Jersey.  *See* Amini's Transfer of Venue Brief at p. 13.  RUSM

maintains its administrative offices in this District.  RUSM's administrative functions in New

Jersey are substantial.  Amini's assertion to the contrary is simply inaccurate.  RUSM's student

financial aid, alumni services, admissions, information technology, human resources, financial,

budgeting, accounting, accreditation, licensing, marketing and other services are all based, in

whole or in part, in North Brunswick.  *See* Andress Declaration, ¶¶ 7-13.  As a result,

defendants' wrongful conduct has caused, and absent a preliminary injunction will continue to

cause, severe injury to RUSM within this District.  These factors compel the conclusion that

venue in this Court is proper and defendants' motion pursuant to Federal Rule of Civil Procedure

12(b)(3) must be denied.

## POINT III.

### TRANSFER OF THIS ACTION TO
### ARIZONA WOULD BE IMPROPER

Amini alternatively argues that even if this Court is a proper venue, the action still

should be transferred to the District of Arizona pursuant 28 U.S.C. § 1404(a).  This motion is

entirely without merit.  Once again, the sole rationale Amini offers to justify a transfer to

Arizona stems from the financial hardship ongoing litigation in this District allegedly would

cause him.  *See* Amini's Transfer of Venue Brief at p. 16.  Even if the Court were to accept

Amini's unsworn representations regarding his financial condition, Amini's argument still fails.

The court's analysis in *Bear Stearns Cos. v. Lavalle,* 2001 U.S. Dist. LEXIS 4913

(N.D. Tex. Apr. 19, 2001), is instructive on this point.  There, the pro se defendant sought to

11

FIRM:24126698v1

transfer venue from Texas to Georgia on the ground that he lacked the financial resources to

litigate in Texas. Defendant maintained that if required to proceed in Texas, he would likely

have no choice but to accept a summary or default judgment. The court denied the motion. In

light of the allegations that defendant's tortious conduct caused injury in Texas, the court

reasoned, "it would be doubly unjust to reach a result that effectively requires the parties injured

in Texas must seek a remedy in the forum that is convenient for the wrongdoer." *Id*. at \*\*17-18.

Amini seeks just such an illogical and inequitable result here.

In ruling on a transfer motion, courts consider the factors enumerated in Section

1404(a) and a host of others relevant to the ultimate determination of whether, on balance,

transferring the litigation to a different forum would be more convenient and better serve the

interests of justice. *Jumara v. State Farm Inc.*, 55 F.3d 873, 879-80 (3d Cir. 1995). There is no

rigid formula to be applied and no fixed list of factors to be considered on a transfer motion. *Id*.

There are, however, two long-standing tenets that come into play in disposing of a transfer

motion. First, it is well settled that in ruling on a transfer motion, "the plaintiff's choice of venue

should not be lightly disturbed." *Id*. at 879 (internal quotations omitted). Second, a forum

selection clause like the one set forth in Section 4.6 of the Settlement Agreement "is entitled to

substantial consideration" on a motion pursuant to Section 1404(a). *Id*.

There is no basis upon which to disturb plaintiffs' choice of venue or ignore the

Settlement Agreement's forum selection clause. The forum selection clause in the Settlement

Agreement is the very best evidence of the parties' private interests, intentions and expectations.

At the time they executed the Settlement Agreement, the parties clearly intended to litigate in

New Jersey any dispute arising between them. That Amini now wishes to avoid this Court

because it already has made determinations adverse to him is of no moment. The fact remains

12

that Amini is the *only* person who arguably would benefit from a transfer to Arizona.  The transfer would be extremely inconvenient for all others concerned.  RUSM's witnesses and relevant documentation are located in New Jersey, Florida and Dominica.  Witnesses at RUSM's corporate parent, DeVry Education Group Inc., are based in Illinois.  RUSM's counsel are located in New Jersey.  Any transfer would inconvenience everyone involved in this dispute except Amini -- *who already has expressly agreed to litigate here in New Jersey*.

With respect to the public factors relevant to the disposition of the transfer motion, New Jersey has a direct interest in providing a forum for the resolution of this dispute. New Jersey has a strong public policy in favor of protecting its residents from the kind of wrongful conduct that Amini has engaged in here - - regardless of whether Amini engaged in this conduct in Arizona or any other location outside of New Jersey.  *See Yousef v. General Dynamics Corp.*, 205 N.J. 543, 563, 16 A.3d 1040, 1052 (2011) ("public interest factor favoring plaintiffs in New Jersey's strong public policy of providing a forum for the redress of wrongs committed against its residents").  Taken together, these private and public factors compel the conclusion that this case should remain precisely where it is.

13

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court deny both the motion to dismiss the Complaint on personal jurisdiction and venue grounds, as well as the motion to transfer venue.  Further, plaintiffs request that the Court enter the preliminary injunction order submitted on October 28, 2013.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, New Jersey 07102
Attorneys for Plaintiffs

By: ___*s/James P. Flynn*___
James P. Flynn
William S. Gyves
Members of the Firm

DATED:  November 18, 2013

14