Behzad Amini – Pro Se
13835 N. Tatum Blvd #9-280
Phoenix, AZ 85032
602-980-0900
bccpda@yahoo.com

December 13, 2013

RECEIVED
DEC 13 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

VIA FAX
VIA MAIL
Hon. Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: Ross University School of Medicine, et al. v. Behzad Amini, et al. Case No.: 3:13 cv 06121

Dear Judge Thompson:

## OBJECTION TO ORDER FOR PRELIMINARY INJUNCTION

My name is Behzad Amini and I am the defendant in the above-referenced action. On December 11, 2013, the Court has signed a preliminary injunction against this defendant. The defendant object to this Court's order for preliminary injunction as being unconstitutional and in clear violation of the defendant's first amendment right for free speech under federal laws as well as New Jersey state constitution. Furthermore the Court has not provided any opinion and reasoning as to the grounds for granting a preliminary injunction and imposing a prior restraints on speech and publication of this defendant.

## VIOLATION OF MR. AMINI'S FIRST AMENDMENT RIGHTS – BOTH FEDERAL AND NEW JERSEY STATE CONSTITUTION, ARTICLE I,

1- Mr. Amini's non-commercial speech enjoys full protection under the first amendment.
2- Mr. Amini's websites are protected by the First Amendment. Numerous cases hold that commentary about commercial products is core speech protected by the First Amendment. Criticisms of a company's products or business practices as speech protected by the First Amendment.
3- When an action is brought against a non-commercial use of a trademark for either political or consumer commentary, the courts have not hesitated to afford full First Amendment protection against the trademark holder's claim, either by holding that First Amendment principles bar application of the federal statute, *Bally Total Fitness Holding Corp.*

*v. Faber*, 29 F. Supp. 1161, 1167 (C.D. Cal. 1998); *Lighthawk v. Robertson*, 812 F. Supp. 1095, 1097-1101 (W.D. Wash. 1993); *Stop the Olympic Prison v. United States Olympic Comm.*, 489 F. Supp. 1112, 1124-1125 (S.D.N.Y. 1980); *see also Lucasfilm v. High Frontier*, 622 F. Supp. 931 (D.D.C. 1985) (ruling on non-constitutional grounds), or by holding that the state law in question is unconstitutional on its face or as applied to the particular case. *L.L. Bean v. Drake Publishers*, 811 F.2d 26, 33 (1st Cir. 1987); *ACLU of Georgia v. Miller*, 977 F. Supp. 1228, 1233 (N.D. Ga. 1997).

4- Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights. This injunction, so far as it imposes prior restraint on speech and publication, constitutes an impermissible restraint on the defendant's First Amendment rights.

5- At this stage of the proceedings, there has been no final determination that any statements on Mr. Amini's website are false and defamatory. Precedent therefore instructs that it would be inappropriate to grant Plaintiffs' request for an injunction restraining Mr. Amini's speech and website publications. Mr. Amini's conduct constitutes purely protected written speech which "fall(s) within the ambit of first amendment protections and are not subject to prior restraint whether or not those activities are tortious.

6- The injunctive relief Plaintiffs' request in its motion reaches far beyond the statements on Mr. Amini's website alleged to be false and defamatory and seeks to suppress *in toto* Mr. Amini's lawful exercise of his First Amendment rights via the internet.

7- Given the non-commercial character of Mr. Amini's web site, there cannot be any doubt that the order for a preliminary injunction is unconstitutional on the ground that it is a prior restraint. Prior restraints are not permitted except in the most exceptional of circumstances, involving "a grave threat to a critical government interest or to a constitutional right

8- Accordingly, preliminary injunction violates the law on First Amendment grounds because Mr. Amini is engaged in non-commercial speech.

9- The courts have repeatedly held that the use of trademarks constitutes speech within the protection of the First Amendment.

10- The entire website is in the record **(See Defendant's response brief Exhibit-7)**. Mr. Amini placed a disclaimer at the top of the first page of the website, disclosing to visitors that the website is not associated with Ross University **(See Defendant's response brief Exhibit Exhibit-8)**. Mr. Amini's website contains no advertising and charges no fees, nor does it seek to sell anything or direct users to websites that do. Consistent with this

defendant's First Amendment right of freedom of speech, the website seeks only to inform and allow visitors to express their opinions on a variety of topics. The website does not exist for any commercial purpose, and it has no defamatory statement against anyone.

11- The plaintiff knowingly filed a bogus complaint with this Court for trademark violation in order to ask this Court to render a preliminary injunction to silence the defendant. The plaintiff knew that its claim is defective because the defendant's website consists of protected speech relating to his former university. Not only does the First Amendment protect this defendant's right to publish his views about Ross University on his website, but the trademark law does not prevent consumers and their legal representatives from criticizing corporations or from using a company's trademarked names to identify the corporation whom they are criticizing.

12- The plaintiff knowingly filed a bogus complaint with this Court for trademark violation when in fact they know the website has no commercial purpose, and that the website disclaimer, combined with the content, certainly causes no confusion with the official site of the plaintiff.

13- The plaintiff knowingly filed a bogus complaint with this Court for trademark violation when in fact they knew the defendant is not a competitor of the Movants, and according to the plaintiff's own admission in their verified complaint, "<u>Amini is a disgruntled former RUSM student</u>" and "<u>Amini is an embittered former RUSM student</u>" with no mention of the defendant being a competitor of Ross University or any indication of a commercial motive by the defendant.

14- The plaintiff knowingly filed a bogus complaint with this Court for trademark violation when in fact they knew the websites provided information that is already of public record or available elsewhere on the internet. The websites had links to Senator Durbin's web page, the Bloomberg News, the Tampa Bay Times, a few regulatory agencies, and a link to internal documents that are on public record.

15- Granting preliminary order here disproportionally affects the defendant who is poor and powerless, and for whom non-commercial commentary on his website provides one of the few accessible modes of expression in a nation where the "rich," like the plaintiff in this case, can buy access to newspapers, broadcast time, and billboard space.

16- Knowing that they have the blessing of this Court after this Court granted them the temporary restraining order, the plaintiff and its attorney have released the complaint to over ten Caribbean news agencies that are either controlled by or on the payroll of the plaintiff in order to disparage the defendant (**See Defendant's response brief Exhibit-G**). The

publication has resulted in the total destruction of this defendant's reputation to the point that the defendant will not ever be able to get a job anywhere in North America. The preliminary order will not only create a substantial "tilt" in the plaintiff's favor, but it will be a carte blanche order to suppress free speech as well as being unconstitutional.

17- The motion for a preliminary injunction should also be denied because plaintiff has no chance of succeeding either on its trademark related claims.

18- The trademark claims are defective because Mr. Amini's web site consists of protected speech relating to his former University. Not only does the First Amendment protect Mr. Amini's right to publish his views about Ross University on his website, but trademark law does not prevent consumers and their legal representatives from criticizing corporations and from using a company's trademarked names to identify the corporation whom they are criticizing.

19- Measured by these rigorous standards, plaintiffs cannot establish either irreparable harm or reasonable likelihood of success on the merits. Moreover, the public interest weighs heavily against restraining of free speech, especially when it involves tax-payers money being misappropriated, as outlined by Senator Durbin complaint to DOE against Ross University.

Therefore, the defendant object to this court's order for preliminary injunction and respectfully request that the Court to dismiss the plaintiff's motion for a preliminary injunction.

Respectfully submitted,

Behzad Amini – Pro Se

cc:    James Flynn (via ECF)