NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE and GLOBAL EDUCATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEHZAD AMINI, et al., <br><br> Defendants. | Civ. No. 13-6121 <br><br> OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter is before the Court upon Defendant Behzad Amini's Motions to Dismiss for lack of personal jurisdiction and lack of proper venue, (Docket No. 13), or, in the alternative, to Transfer Venue, (Docket No. 14). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court finds that it has personal jurisdiction and that venue is proper, and therefore denies the Motion to Dismiss. Additionally, the Court denies the Motion to Transfer the case to the District of Arizona.

## II. BACKGROUND

Plaintiff Ross University School of Medicine ("RUSM") is a provider of medical education. (Docket No. 1 at 4). Its academic campus is located in the Caribbean country of Dominica. (*Id.*). RUSM's administrative offices are located in North Brunswick, New Jersey and in

Miramar, Florida.  (*Id*.).  The North Brunswick administrative office houses the following departments: student financial aid, alumni services, admissions, information technology, human resources, financial, budgeting, accounting, accreditation, licensing, and marketing.  (Docket No. 18 at 11).  Plaintiff Global Education International is a corporation organized and existing under the laws of Barbados.  (Docket No. 1 at 4).  It is the registered owner of the Ross University Marks licensed exclusively for use in promoting RUSM and Ross University School of Veterinary Medicine.  (*Id*.).

Defendant Behzad Amini, a resident of Arizona, is a former RUSM student.  (Docket No. 1 at 4).  Defendant Amini is also the owner and person in control of www.RossU.net, as well as approximately 20 other websites incorporating domain elements similar to the Ross University Marks, including www.RossMedicalSchool.org and www.RossMedSchool.com.  (*Id*. at 5).  All known and unknown websites under Defendant Amini's control are also listed as defendants in the Complaint.  (*Id*. at 5).

Defendant Amini commenced his studies at RUSM in January 2009.  (*Id*. at 5).  On September 21, 2011, a RUSM student filed an internal grievance against Defendant Amini.  (*Id*. at 5).  On February 10, 2012, RUSM and Amini entered into a Settlement Agreement with Mutual Releases ("Settlement Agreement").  (*Id*. at 5).

Several sections of the Settlement Agreement are relevant to Defendant Amini's Motions to Dismiss and Motion to Transfer.  The "Recitals" section of the Settlement Agreement states the parties reached an agreement "in consideration of the mutual promises exchanged herein and for other good and valuable consideration . . . ."  (Docket No. 1 Ex. B at 2).  Section 3.2 of the Settlement Agreement states "RUSM shall provide [Defendant Amini] with a letter . . . for use in

connection with his efforts to enroll at another education institution . . . ." (Docket No. 1 Ex. B at 6). Section 4.6 of the Settlement Agreement states the following:

> Any action arising in any way out of the terms of this Settlement Agreement, or a party's performance or non-performance thereof, shall be brought in the Superior Court of New Jersey, Middlesex County or the United States District Court for the District of New Jersey, and the parties hereby expressly consent to either court's exercise of personal jurisdiction over them with respect to any such action.

(Docket No. 1 Ex. B at 7). Section 4.11, entitled "No Duress," states that "[t]he parties hereto acknowledge and agree that they have entered into this Settlement Agreement and have executed it without duress or coercion, and have done so with the full advice of counsel." (Docket No. 1 Ex. B at 8). Section 4.18 of the Settlement Agreement is a non-disparagement agreement providing the following:

> Amini shall not directly or indirectly say, write or do anything that would disparage, reflect negatively upon or otherwise call into question RUSM's business operations, products, services, integrity, reputation or business relationships, or the business operations, products, services, integrity, reputation or business relationships of any of the releases identified above . . . .

(Docket No. 1 at 6).

On October 16, 2013, Plaintiffs initiated this action against the Defendants for breach of the Settlement Agreement's non-disparagement provision, as well as claims under the Anticybersquatting Consumer Protection Act, Trademark Dilution Act, Lanham Act, and related state laws. (Docket No. 1). On November 1, 2013, Defendant Amini filed the Motions to Dismiss and Motion to Transfer that is the subject of this opinion. (Docket Nos. 13, 14). Defendant Amini asserts that he lacks the necessary minimum contacts with the forum state of New Jersey for the exercise of personal jurisdiction. In addition, Defendant argues that none of the events in question took place in New Jersey making New Jersey an improper venue for the case. Defendant further requests that, if the Court determines that personal jurisdiction exists

and that venue in the District of New Jersey is proper, the matter should still be transferred to the United States District Court for the District of Arizona.

Plaintiffs respond that the "language of the Settlement Agreement between RUSM and [Defendant] Amini is fatal to his jurisdictional argument." (Docket No. 18 at 2). Plaintiffs further assert that "the Settlement Agreement is also fatal to [Defendant] Amini's venue motion." (*Id*.). Finally, Plaintiffs discount Defendant Amini's claim that the Court should transfer venue to the District of Arizona because "plaintiff's choice of venue should not be lightly disregarded," "a court should give substantial consideration to a forum selection clause," and "witnesses, relevant documents, and plaintiff's counsel are located in New Jersey, Florida, and Illinois."

### III. ANALYSIS

**a. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

*i. Legal Standard*

A defendant may make a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Fed. R. Civ. P. 12. If an issue is raised regarding the court's personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Plaintiff must sustain its burden of proof "through sworn affidavits or other competent evidence." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004). This requires the plaintiff to allege with "reasonable particularity" facts that would establish sufficient contacts between the defendant and the forum. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). When deciding a motion to dismiss for lack of personal jurisdiction, the Court must accept the

plaintiff's allegations as true, and resolve any factual disputes in favor of the non-moving party.[1] *Toys "R" Us*, 318 F.3d at 457.

Rule 4(k) of the Federal Rules of Civil Procedure provides that proper service establishes personal jurisdiction over a non-resident defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A). This Court must therefore refer to the laws of New Jersey to determine if personal jurisdiction exists. New Jersey's long-arm statute allows the exercise of personal jurisdiction to the limits set by the Fourteenth Amendment's Due Process Clause. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The due process inquiry involves an assessment of whether a defendant established sufficient "minimum contacts" with the forum state so that the exercise of personal jurisdiction does not frustrate the concepts of fair play and substantial justice. *Intl. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Having minimum contacts with a forum provides "fair warning" to a defendant that he or she may be subject to suit in that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Court may have either specific or general personal jurisdiction over a defendant. General personal jurisdiction may be established if the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). If the defendant's contacts do not rise to that level, specific personal jurisdiction may still exist if the defendant purposefully directed his or her activities at the forum state and

---

[1] Note that since the Court did not hold an evidentiary hearing, Plaintiff was only required to present a prima facie case for personal jurisdiction. *Toys "R" Us*, 318 F.3d at 456. The Court is not precluded from revisiting the issue if it appears that the facts justifying personal jurisdiction are in dispute. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

the litigation results from alleged injuries that arise out of or are related to those activities. *Burger King Corp.*, 471 U.S. at 471; *General Elec. Co. v. Deutz Ag.*, 270 F.3d 144, 150 (3d Cir. 2001).

Here, Plaintiffs allege that Defendant Amini's personal jurisdiction argument is invalidated by Section 4.6 of the Settlement Agreement, in which Plaintiff "'expressly consented' to this Court's exercise of personal jurisdiction over him in the context of any dispute arising out of that agreement." (Docket No. 18). Plaintiffs further allege that this Court would have personal jurisdiction over Defendant Amini despite the forum selection clause. (*Id.*).

> *ii. Personal Jurisdiction Pursuant to the Forum Selection Clause in the Settlement Agreement*

Personal jurisdiction is an individual right and a party is always free to expressly or impliedly consent to the personal jurisdiction of a particular court. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982). The Supreme Court has held that "parties to a contract may agree in advance to submit to the jurisdiction of a given court," *National Equip. Rental, Ltd. V. Szukhert*, 375 U.S. 311, 316 (1964), and that forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

In this case, Defendant Amini submitted to the jurisdiction of the District of New Jersey by assenting to the Settlement Agreement's forum-selection clause. (Docket No. 1 Ex. B at 7). Thus, this Court has personal jurisdiction over Defendant Amini unless he can demonstrate that the forum-selection clause is unreasonable. *See The Bremen*, 407 U.S. at 10. A forum-selection clause is "unreasonable" only if the party objecting to its enforcement establishes one of the following: (1) that the forum-selection clause is the result of fraud or overreaching; (2) that

enforcement of the forum-selection clause would violate a strong public policy of the forum; or (3) that enforcement of the forum-selection clause would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 193 (3d Cir. 1983); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564-65 (D.N.J. 2000). Here, Defendant Amini argues that the forum selection clause should be invalidated on the bases of fraud and duress. Both arguments are unavailing.

To invalidate a forum-selection clause on the basis of fraud, the party challenging the clause must show that the forum selection clause itself was procured through fraud. *See MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847 (3d Cir. 2003); *Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC*, CIV.A. 06-3543 (JAG), 2007 WL 2156367 (D.N.J. July 25, 2007). Defendant Amini has not presented any facts to suggest that his assent to the forum selection clause was the result of fraud; thus, this Court rejects Defendant Amini's argument that the forum selection clause should be invalidated on this basis.

Defendant Amini's argument that the forum selection clause should be invalidated on the basis of duress is weakened by the fact that he was represented by two attorneys at the time the Settlement Agreement was negotiated. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 911 (3d Cir. 1985) (holding that "the opportunity to consult counsel vitiates a duress defense"). Defendant Amini's claim of duress is further weakened by Defendant Amini's express acknowledgment in the Settlement Agreement that he received good and valuable consideration. *See Farri v. County of Camden*, 61 F. Supp. 2d 307, 337 (D.N.J. 1999) (holding that where there is adequacy of consideration there is generally no duress). Thus, this court rejects Defendant Amini's argument that the forum-selection clause should be invalidated on the basis of duress.

### iii. Specific Personal Jurisdiction

Even in the absence of the forum selection clause, Defendant Amini's contacts with the forum justify this Court's exercise of specific personal jurisdiction over Defendant Amini. Determining whether specific jurisdiction exists involves a three-part inquiry. *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir.2007). First, the defendant must have "purposefully directed his activities" at the forum. *Burger King,* 471 U.S. at 472 (quotation marks and citation omitted). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Helicopteros,* 466 U.S. at 414. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King,* 471 U.S. at 476 (quotation marks and citation omitted).

First, Defendant must have "purposefully directed his activities" at the forum. *Burger King*, 471 U.S. at 472. The fact that a contract exists with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident. *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The Court may consider, however, "the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." *Burger King*, 471 U.S. at 479.

Here, Amini indisputably negotiated the Settlement Agreement with RUSM, an entity with a substantial New Jersey presence. In doing so, Amini availed himself of the privilege of conducting activities in New Jersey. Moreover, Amini concedes that the Settlement Agreement was negotiated in New Jersey. (Docket No. 14 at 13).

Second, Plaintiffs' claim must "arise out of or relate to" the activities Defendant purposefully directed at the forum. *Helicopteros*, 466 U.S. at 414. In this matter, Plaintiffs claim Defendant Amini breached the Settlement Agreement negotiated in New Jersey. (Docket No. 14 at 13).

Additionally, Defendant Amini's alleged improper conduct in violation of the Settlement Agreement has caused to RUSM's marketing and enrollment operations, both of which are based in New Jersey, substantial injury. Thus, Plaintiffs' causes arise out of Defendant Amini's activities which were directed at the forum state.

Third, the Court must consider additional factors to ensure that assertion of jurisdiction otherwise comports with concepts of "fair play and substantial justice." *Burger King*, 471 U.S. at 476. The burden at this step falls on the defendant to show that the assertion of jurisdiction is unconstitutional. *Mellon Bank*, 960 F.2d at 1226. Compelling Amini's presence in a New Jersey court to answer for his breach of the contract he entered into with a New Jersey entity does not offend traditional notions of "fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316.

Thus, considering all of the relevant factors, this Court finds that it has specific personal jurisdiction over the Defendant.

**b. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3)**

Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." Fed. R. Civ. P. 12(b)(3). This provision authorizes dismissal only when venue is "improper" in the forum in which it was brought. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 12-929, 2013 WL 6231157 (U.S. Dec. 3, 2013). The question of whether venue is "improper" is governed by 28 U.S.C. § 1391 which states the following:

> A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper." *Atl. Marine Const. Co., Inc.*, 12-929, 2013 WL 6231157.

Here, New Jersey is a proper venue for the case because "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. § 1391(b). The Settlement Agreement that is the subject of this case was negotiated in New Jersey. (Docket No. 14 at 13). Additionally, multiple RUSM Departments that were affected by Defendant's alleged conduct are based in New Jersey (student financial aid, alumni services, admissions, information technology, human resources, financial, budgeting, accounting, accreditation, licensing, marketing). (Docket 18 at 11). New Jersey is also a proper venue for the case because Defendant is "subject to the court's personal jurisdiction" with respect to this action. § 1391(b).

### c. Defendant's Motion to Transfer Venue

Defendant Amini requests that the case be transferred to the District of Arizona. The burden of proving that transfer is justified lies on the moving party. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In a motion to transfer venue, the court considers the factors enumerated in 28 U.S.C. § 1404(a) and other related federal laws. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988); *Jumara,* 55 F.3d at 877–78. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer falls in the sound discretion of the trial court. *See Lony v. E.I. DuPont de Nemours & Co.,* 886 F.2d 628, 632 (3d Cir.1989); *Danka Funding, L.L.C. v. Page, Scrantom,*

*Sprouse, Tucker & Ford, P.C.,* 21 F.Supp.2d 465, 474 (D.N.J.1998). In exercising this discretion, the Court must consider two groups of factors: those relating to the private convenience of the litigants and those affecting the public interest in the fair and efficient administration of justice. *See Jumara,* 55 F.3d at 879–80.

In *Jumara,* the Third Circuit enumerated both private and public interests protected by section 1404(a). Private-factors include: (1) the "plaintiff's forum preference," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara,* 55 F.3d at 879 (citations omitted).

Public-factors include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879–80.

The analysis for considering a § 1404(a) motion differs though "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum." *Atlantic Marine Construction Co.*, 12-929, 2013 WL 6231157 (quoting *Stewart,* 487 U.S. at 31). The Supreme Court recently clarified the impact of a forum-selection clause on a motion to transfer:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-factors to weigh entirely in favor of the preselected forum. As we have explained in a different but "instructive" context . . . "'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to was clearly foreseeable at the time of contracting.

*Atlantic Marine Construction Co.*, 12-929, 2013 WL 6231157 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972)). Thus, this Court finds that the private-factors weigh entirely in favor of denying Defendant Amini's Motion to Transfer.

The public-factors also suggest that New Jersey has a direct interest in providing a forum for the resolution of this dispute. Specifically, adjudicating Plaintiffs' claims will require the application of New Jersey law and New Jersey has an interest in vindicating the rights of its own residents. *See Jumara,* 55 F.3d at 879.

In sum, upon review of the relevant factors, the Court denies Defendant Amini's Motion to Transfer.

IV. CONCLUSION

For the foregoing reasons, Defendant Amini's Motions are denied. An appropriate order will follow.

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

Date: January 2, 2014