**EPSTEIN**
**BECKER**
**GREEN**

Attorneys at Law

James P. Flynn
t 973.639.8285
f 973.639.8931
jflynn@ebglaw.com

January 31, 2014

**VIA ECF AND REGULAR MAIL**
Honorable Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   **Ross University School of Medicine v. Behzad Amini**
            **Case No.: 13 cv 6121**

Dear Judge Thompson:

      We represent plaintiffs Ross University School of Medicine and Global Education International, Inc. (collectively "Plaintiffs") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in support of our Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55.

      A default judgment is appropriate because defendant Behzad Amini ("Amini") and his co-defendants (collectively "Defendants") were properly served with a Summons and Verified Complaint ("Complaint") and their time to answer has expired. Further, Amini has made clear that he has no intention of continuing to defend this action. Accordingly, we respectfully request that the Court direct entry of judgment against Defendants and in favor of Plaintiffs in this action and allow us to provide Your Honor with a proposed form of Final Judgment and Permanent Injunction.

### Summary of the Relevant Facts

      On October 16, 2013, Plaintiffs moved by Order to Show Cause with Temporary Restraints seeking to enjoin Amini from, among other things, the use and operation of certain websites whose content violated a previously entered into a valid and enforceable settlement agreement and whose domain names

Honorable Anne E. Thompson, U.S.D.J.
January 31, 2014
Page 2

infringed upon Plaintiffs' trademark rights. Your Honor entered the Order and set a preliminary injunction hearing for October 28, 2013. *See* ECF No. 4. That same afternoon Amini was served via email with, among other documents, a copy of the Summons and Complaint. *See* Certification of James P. Flynn dated January 31, 2014 ("Flynn Certificaton") ¶ 5. This method of service was in accordance with Your Honor's instruction in paragraph 9 of the Order to Show Cause which stated that "service by electronic means is deemed adequate and sufficient." *See* ECF No. 4. Amini acknowledged such service by replying to the undersigned counsel's email and stating "you will have my motions before the hearing via email." *Id.* ¶ 6.

In lieu of answering the Complaint, Amini on November 1, 2013 simultaneously moved to dismiss the Complaint and to transfer venue to the District of Arizona. *See* ECF Nos. 13-14. On January 2, 2014, Your Honor denied both of Amini's motions in their entirety. *See* ECF No. 29. Accordingly, Amini was required to answer the Complaint by January 16, 2014. *See* Fed. R. Civ. P. 12(4)(a). To date, Amini has neither filed an answer nor proffered any excuse for this failure. Moreover, Plaintiffs' most recent correspondence with Amini indicates that he has no intention of further defending this matter. Indeed, Amini stated that he was leaving the country and "would not be able to participate in these proceedings anymore due to lack of resources and not being able to represent myself from a foreign jurisdiction." *See* Flynn Certification ¶ 16; Ex. D.

### **Entry of Default Judgment Is Appropriate**

Pursuant to Rule 55(b)(2), a court may enter judgment by default when a party has failed to plead or otherwise defend in the action. The decision to enter a default judgment is left to the sound discretion of the trial court. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir.1992). Prior to entry of a default judgment, a plaintiff "must have executed proper service of the Complaint on the

Honorable Anne E. Thompson, U.S.D.J.
January 31, 2014
Page 3

Defendants, and the Defendants must have failed to file a response within the time frame provided in the Federal Rules. See *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 18-19 (3d Cir. 1985). The Third Circuit has established a three-factor test to determine whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. See *Chamberlain v. Giampapa*, 210 F. 3d 154, 164 (3rd Cir. 2000). As discussed further below, all three factors weigh heavily in favor of granting a default judgment.

<u>First</u>, Amini's failure to answer the Complaint prejudices Plaintiffs. Because the primary relief sought here is equitable, Amini's simply absenting himself from the proceedings complicates Plaintiffs' efforts to obtain full and final relief. It also undermines Plaintiffs' efforts to secure interim relief because there are third parties (such as registrars, hosts and the like) that hesitate to transfer full ownership and control of domain names without either a defendant's consent or a final judgment. By simply declining to participate further in these proceedings, Amini would, absent entry of default, prejudice Plaintiffs' conduct and conclusion of the matter.

<u>Second</u>, Amini has failed to muster any defenses Plaintiffs' claims. This fact is made plain by the Court's previous entry of the preliminary injunction restraining Amini as well as its denial of his dismissal and transfer motions. Counsel respectfully submits that Your Honor's underlying decisions on those applications demonstrate the futility of Amini's proffered defenses.

<u>Third</u>, Amini is solely responsible for his failure to answer the Complaint. See *Emerson v. Thiel College*, 296 F. 3d 184, 190 (3rd Cir. 2002) (finding that a *pro se* plaintiff is personally responsible for complying with a court's orders and deadlines). Recognizing that Amini is proceeding *pro se* in this matter, Plaintiffs' counsel consistently has advised him of all relevant scheduling dates and the requirements

necessary to comply with the Federal Rules and the Court's orders. Indeed, counsel even advised Amini that his answer would be due fourteen days after a decision was reached on his now-denied motions. *See* Flynn Certification ¶ 10. Notwithstanding this assistance, Amini has willfully decided that he will no longer defend this action. Indeed, Amini's correspondence stating that he leaving the country and would "not be able to participate in these proceedings," *Id.* ¶ 16; Ex. D, demonstrates conclusively that he has abandoned his defense of this matter and has no intention of answering the serious allegations of wrongdoing asserted against him in this action.

### Conclusion

For all of the above reasons, Plaintiffs respectfully request that the Court direct entry of judgment against Defendants and in favor of Plaintiffs in this action and allow Plaintiffs to submit a proposed form of Final Judgment and Permanent Injunction.

Respectfully,

James R. Flynn

cc: Mr. Behzad Amini (via ECF)

FIRM:24545138v1