NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE and GLOBAL EDUCATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEHZAD AMINI, et al., <br><br> Defendants. | Civ. No. 13-6121 <br><br> OPINION |

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter is before the Court upon Plaintiffs' motion for default judgment. (Docket No. 32). The Court has decided this matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Plaintiffs' motion.

### II. BACKGROUND

On October 16, 2013, Plaintiffs filed a motion to enjoin Defendant Amini from the use and operation of certain websites. (Docket No. 4). That same afternoon, Defendant Amini was served, via email, with a copy of the Summons and Complaint. (*Id.*). Defendant Amini acknowledged receipt of the Summons and Complaint by replying to the email and stating "you will have my motions before the hearing via email." (Docket No. 32).

On November 1, 2013, Defendant Amini filed a motion to dismiss the Complaint and to transfer venue to the District of Arizona. (Docket Nos. 13, 14). On January 2, 2014, the Court denied both of Defendant Amini's motions. (Docket No. 29). Defendant Amini has not filed an answer to the Complaint. (Docket No. 32).

## III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter judgment by default when a party has failed to plead or otherwise defend the action. The decision to enter a default judgment is left to the sound discretion of the trial court. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992). Prior to entry of a default judgment, a plaintiff "must have executed proper service of the Complaint on the Defendants, and the Defendants must have failed to file a response within the time frame provided in the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 18-19 (3d Cir. 1985). The Third Circuit has established a three-factor test to determine whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, consideration of the factors set forth in *Chamberlain* shows Plaintiffs' motion for default judgment should be granted. *See id*. First, Defendant Amini's failure to answer the Complaint prejudices Plaintiffs. Because the primary relief sought is equitable, Defendant Amini's absence from the proceedings complicates Plaintiffs' efforts to obtain relief. Second, Defendant Amini is responsible for his failure to answer the Complaint. Accordingly, Plaintiffs' motion for default judgment is granted.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted.  An appropriate order will follow.


                                                              */s/ Anne E. Thompson*
                                                              ANNE E. THOMPSON, U.S.D.J.


Date: March 3, 2014