NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE and GLOBAL EDUCATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEHZAD AMINI, et al., <br><br> Defendants. | Civ. No. 13-6121 <br><br> ORDER |

THOMPSON, U.S.D.J.

      This cause is before the Court upon Plaintiffs Ross University School of Medicine and Global Education International Inc.'s ("Plaintiffs") Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Behzad Amini, www.rossu.net, www.rossmedschool.org, www.rossmedschool.com, and www.johndoeinfringingsites1-20.doe ("Defendants") filed on January 31, 2014.  Defendants have failed to answer the Verified Complaint in this Action.

      After consideration of the Plaintiffs' Motion and the documentation in the record, and taking the allegations of the Verified Complaint as admitted, the Court will grant Plaintiffs' Motion for Default Judgment and enter Final Judgment against Defendants and issue a Permanent Injunction.  Accordingly,

      IT IS on this 7th day of March, 2014

      ORDERED that:

1. Defendant Amini has breached his obligations to Plaintiffs under the Settlement Agreement. Specifically, he has breached Section 4.18 of the Settlement Agreement by disparaging Plaintiffs and publicly calling into question Plaintiffs' business operations, services, integrity, and reputation.

2. Defendants' use of the Ross University Marks infringes on and dilutes Plaintiffs' registered marks in violation of the AntiCybersquatting Act and the Trademark Dilution Act.

3. Defendants' use of the Ross University Marks in the URLs for the Offending, Infringing Sites is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Ross University with Defendants.

4. Defendants' use of the Ross University Marks is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of goods advertised by Defendants.

5. Defendants, and all those acting in concert with Defendants, including, but not limited to domain name registrars and hosts such as TUCOWS, Inc., Launchingpad.com, HostGator.com LLC, and Unified Layer, are hereby permanently enjoined and restrained from:

    a. Directly or indirectly publishing or disseminating, whether through the Offending, Infringing Sites or any webpage, Facebook page, or other internet-based means other outlets or mediums, any statements that would disparage, reflect negatively upon or otherwise call into question Plaintiffs' business operations, products, services, integrity, reputation, or business relationships, or the business operations, products, services, integrity, reputation, or business

    relationships of Plaintiffs and/or any of its parent, subsidiary or any other affiliated entities, and any and all of its or their former and current members, principals, directors, officers, shareholders, employees, agents, attorneys, contractors, representatives, affiliates, predecessors, successors and assigns, including, but not limited to, any further disparaging communications with representatives of Plaintiffs' affiliated institutions or governmental regulators or any of the recipients of the emails identified in the Verified Complaint at paragraphs 65, 68, 78, and 82;

  b. Using the Offending, Infringing Sites in any manner; and

  c. Attempting to sell, selling or transferring any interest in the Offending, Infringing Sites other than in conformance with paragraphs 6 and 7 of this order.

6. Defendants, and all those acting in concert with Defendants, including but not limited to domain name registrars and hosts such as TUCOWS, Inc., Launchingpad.com, HostGator.com LLC, Facebook, Inc., and Unified layer, are hereby directed to

  a. Immediately transfer registration of the Offending, Infringing Sites to Plaintiffs, and Defendants will be considered in violation of this Order if same has not occurred within five (5) business days; and

  b. Cancel immediately and permanently the links on Defendants webpage through the Offending, Infringing Sites, URLs, and Defendants will be considered in violation of this Order if same has not occurred within five (5) business days;

If and to the extent they have not already done so.

7. If and to the extent that they have not already done so, each and every applicable registrar with which any of the Offending, Infringing Sites are registered, including but not limited to domain name registrars and hosts such as TUCOWS, Inc., Launchingpad.com, HostGator.com LLC, Facebook, Inc., and Unified Layer, are hereby directed to immediately deem as forfeited or cancelled each domain name for the Offending, Infringing Sites and to transfer of the domain name registrations for same to Plaintiffs, consistent with 15 U.S.C. § 1125(d)(1)(C) within five (5) business days of actual notice of this Order being delivered to such registrars and hosts, notice via electronic means being deemed sufficient service of this Order to comply with applicable rules and due process.

8. Defendant Amini to date has not complied with the requirements of the Court's February 6, 2014 Civil Contempt Order. Accordingly, and pursuant to the Order, the Court imposes a fine in the amount of $4,000.00, covering the amounts accruing from the date of that Order through February 25, 2014 and to which $200 per day shall be added until paid in full. This fine is payable to the Court immediately.

9. Pursuant to the Court's February 6, 2014 Order, Defendant Amini was ordered to pay Plaintiffs' attorneys' fees and costs related to the contempt proceedings and Plaintiffs also reserve the right to seek reimbursement of fees and costs above and beyond those in the contempt proceedings under fee shifting provisions applicable through statute or contract. Pursuant to Rule 54(d)(2)(A) and (B), Plaintiffs may submit a motion for attorneys' fees and costs within fourteen (14) days of entry of this judgment.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.