# EPSTEIN
# BECKER
# GREEN

Attorneys at Law

James P. Flynn
t 973.639.8285
f 973.639.8931
jflynn@ebglaw.com

March 21, 2014

**VIA ECF**
Honorable Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:  **Ross University School of Medicine v. Behzad Amini**
          **Case No.: 3:13 cv 06121**

Dear Judge Thompson:

    We represent plaintiffs Ross University School of Medicine ("RUSM") and Global Education International, Inc. (collectively "Plaintiffs") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in support of our Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54.

### Summary of the Relevant Facts and Procedural History

    On January 8, 2014, Plaintiffs moved by Order to Show Cause to hold Defendant Behzad Amini ("Amini") in civil contempt of court for his violation of Your Honor's Preliminary Injunction Order entered on December 11, 2013. *See* ECF No 25. Specifically, Amini -- just two days after expressly acknowledging the entry of the Preliminary Injunction -- proceeded to violate its terms through a blast email utilizing a bogus email address to more than 200 recipients in which he accused RUSM's Dean and Chancellor, Joseph A. Flaherty, M.D., of having committed "financial crime" and being "worse than a common criminal." By Order dated February 6, 2014, Your Honor held Amini in civil contempt of court and, among other things, ordered him to pay Plaintiffs' attorneys' fees and costs related to the contempt proceeding. *See* ECF No. 34.

FIRM:24837265v1

Honorable Anne E. Thompson, U.S.D.J.
March 21, 2014

On January 31, 2014, Plaintiffs moved for entry of Default Judgment and Permanent Injunction against Amini. See ECF No. 32. On March 10, 2014, the Court granted Plaintiffs' motion and entered an Order of Permanent Injunction. See ECF No. 38. As part of that Order, Your Honor authorized Plaintiffs to submit a motion for attorneys' fees and costs relating to the contempt proceedings within fourteen (14) days of entry of said Order.

### Plaintiffs' Fees are Reasonable and Should be Awarded in Full

Plaintiffs' bear the burden of proving that their fees are both reasonable and supported by sufficient evidence. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). To satisfy this burden, Plaintiffs submit the Declaration of James P. Flynn, Esq. to (1) summarize the services provided to our client; (2) the hours dedicated to those services; (3) the experience of our attorneys; and (4) the rate at which our attorneys and staff billed our client. See Declaration of James P. Flynn, Esq. ("Flynn Declaration") ¶¶ 6-8. Once the moving party has submitted such evidence, the burden then shifts to the party opposing the motion to challenge the reasonableness of the fees by affidavit or brief by "sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3rd Cir. 1990). Indeed, the Third Circuit has held that a court may not decrease a fee award "based on factors not raised at all by the adverse party." Id.

Plaintiffs respectfully submit that their fee application is completely reasonable in light of the investigatory steps Plaintiffs were forced to take as a result of Amini's willful disobedience of Your Honor's Orders. Amini's attempt to is hide behind the bogus email address and the domain name STOPDEVRY.com required Plaintiffs to conduct an extensive review of searchable internet databases to identify the registered user of Amini's sham email account. Further, Plaintiffs were then forced to contact numerous internet "hosting companies," who maintain website content such as STOPDEVRY.com. See Flynn Declaration. ¶ 6; Declaration of William S. Gyves in support of Plaintiffs' contempt application ¶¶ 13-

2

Honorable Anne E. Thompson, U.S.D.J.
March 21, 2014

23 (ECF No. 25). Only after this thorough investigation were Plaintiffs able to begin the process of researching the relevant caselaw and drafting papers in support of our application.

Furthermore, the rates and fees charged to this client are completely in line with the standard fees billed to and collected from my firm's clients on a routine basis for similar commercial litigation work. Indeed, from my experience and familiarity with fees and billing rates charged in the New York/New Jersey region by comparable counsel for comparable work, Epstein Becker & Green's rates and fees in this action are wholly reasonable. See Flynn Declaration ¶ 8.

### Conclusion

For all of the above reasons, Plaintiffs respectfully request that the Court award Plaintiffs attorneys' fees in the amount of $19,547.50 for services rendered in connection with Plaintiffs' motion to hold Defendant Behzad Amini in civil contempt of court.

Respectfully submitted,

**/s/ James P. Flynn**

James P. Flynn