EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 642-1900
Facsimile: (973) 642-0099
Attorneys for Plaintiffs
Ross University School of Medicine and
Global Education International, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE and GLOBAL EDUCATION INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEHZAD AMINI, WWW.ROSSU.NET, WWW.ROSSMEDICALSCHOOL.ORG, WWW.ROSSMEDSCHOOL.COM and WWW.JOHNDOEROSSINFRINGINGSITES1-20.DOE <br><br> Defendants. | Civil Action No. 3:13-CV-06121-AET-TJB <br><br> **DECLARATION OF** <br> **JAMES P. FLYNN, ESQ.** |

I, JAMES P. FLYNN, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1.  I am an attorney duly licensed to practice in the State of New Jersey and a member of the firm of Epstein Becker & Green, P.C., attorneys for plaintiffs Ross University School of Medicine ("RUSM") and Global Education International, Inc. (collectively, "Plaintiffs") in the above-captioned action.

2.  This Declaration is submitted in support of the application by Epstein Becker & Green, P.C. for the allowance of attorneys' fees of $19,547.50 for services rendered in connection with Plaintiffs' motion to hold Defendant Behzad Amini in civil contempt of court.

FIRM:24847935v1

**Procedural History**

3. On January 8, 2014, Plaintiffs moved by Order to Show Cause to hold Defendant Behazad Amini in civil contempt of court for violating the Court's Order of Preliminary Injunction entered on December 11, 2013.

4. Indeed, just two days after expressly acknowledging the entry of the Preliminary Injunction, Amini proceeded to violate its terms through a blast email to more than 200 recipients in which he accused Plaintiff Ross University School of Medicine Dean and Chancellor, Joseph A. Flaherty, M.D., of having committed "financial crime" and being "worse than a common criminal."

5. By Order dated February 6, 2014, the Court found Defendant Behzad Amini to be in civil contempt of court and, among other things, ordered Defendant Amini to pay Plaintiffs' attorneys' fees and costs related to the contempt proceeding.

6. By Order dated March 7, 2014 and entered on March 10, 2014, the Court authorized Plaintiffs to submit a motion for attorneys' fees and costs relating to the contempt proceedings no later than fourteen (14) days after entry of said Order.

**Services Provided By Epstein Becker & Green, P.C.**

7. I have carefully examined the file and billing records relative to this matter. During the period covered by this action, Plaintiffs' attorneys and staff spent 53.70 hours on this matter totaling $19,547.50 in fees.

6. Summarized below are the legal services performed by this firm in connection with this action:

>   (a) Factual and legal analysis/research: In response to Amini's willful misconduct, Plaintiffs were forced to conduct a thorough review of searchable internet databases to identify the registered user or assignee of Amini's sham email account

2

"info@stopdevry.com". Further, Plaintiffs were then forced to contact numerous internet "hosting companies," or entities which maintain website content such as STOPDEVRY.com. **13.7 hours;**

(b)  internal and client correspondence re strategy: **1.7 hours;**

(c)  prepare, revise and file Order to Show Cause with supporting papers: In support of our Order to Show Cause, Plaintiffs filed (1) Memorandum of Law; (2) Declaration of William S. Gyves, Esq. with seven supporting exhibits; (3) proposed Order to Cause; and (4) proposed Order for Civil Contempt. **25.3 hours;**

(d)  correspondence with the Court and Defendant re Order to Show Cause: **3.2 hours;**

(e)  preparation for oral agument: **2.5 hours;**

(f)  correspondence with internet host providers in response to Contempt Order: **.5 hours**

(g)  service of Contemp Order on internet host providers and Defendant Amini: **6.8 hours;**

**Fees Sought**

7. For each of the timekeepers noted below, plaintiffs are seeking an award of fees for the noted. Plaintiffs note that the amounts sought are those sought (i) after giving Defendant Amini the benefit of client courtesy reductions, both on a percentage basis applicable to this client and consistent with time written off and (ii) conservatively reviewing time entries so as to allocate to this application only such time as devoted exclusively to the contempt proceedings. The hours billed for which recovery is sought and the hourly rates of each attorney who performed these services are as follows:

| Attorney | Hours Billed | Hourly Rate | Fees Billed |
| --- | --- | --- | --- |
| William S. Gyves | 18.0 | $550.00 | $9,900.00 |
| James P. Flynn | 10.2 | $495.00 | $5,049.00 |

FIRM:24847935v1

| | | | |
|---|---|---|---|
| Robert M. Travisano | 12.9 | $400.00 | $5,160.00 |
| Michael T. Keilty | 2.8 | $290.00 | $812.00 |
| Paralegal | | | |
| John M. Cullen | 6.6 | $215.00 | $1,419.00 |

**Total Fees (less 12.5% client courtesy reduction) = $19,547.50**

8.  The rates and fees charged to this client are completely in line with the standard fees billed to and collected from my firm's clients on a routine basis for similar commercial litigation work. Indeed, from my experience and familiarity with fees and billing rates charged in the New York/New Jersey region by comparable counsel for comparable work, Epstein Becker & Green's rates and fees in this action are wholly reasonable.

**Skill And Expertise Of Plaintiffs' Attorneys**.

9.  My firm, Epstein Becker & Green, is a prominent national law firm. Epstein Becker & Green takes pride in its reputation for providing high-quality legal representation to its clients. On behalf of Epstein Becker & Green, the contempt proceeding was primarily handled by Partners William S. Gyves, Robert M. Travisano and myself. Outside of the aforementioned names, other associate attorneys and paralegals contributed additional hours. Attached as Exhibit A are copies of Mr. Gyves, Mr. Travisano's and my web biographies. I concentrate my litigation practice in intellectual property law areas, including trademark, trade dress, unfair business practices, and copyright. Mr. Gyves and Mr. Travisano concentrate their litigation practices in areas of complex commercial disputes.

**Conclusion**

9.  It is respectfully requested that this Court order Defendant Behzad Amini to pay attorneys' fees in the amount of $19,547.50 to Epstein Becker & Green, P.C.

FIRM:24847935v1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2014.

*/s/ James P. Flynn*
James P. Flynn

FIRM:24847935v1

# EXHIBIT A

**EPSTEIN
BECKER
GREEN**



**NEWARK OFFICE**

Phone: 973/639-8285
Fax: 973/639-8931
One Gateway Center
Newark, New Jersey 07102-5311

# James P. Flynn
Member of the Firm

jflynn@ebglaw.com

**JAMES P. FLYNN** is a Member of the Firm in the Litigation and Labor and Employment practices. He serves as the General Counsel of Epstein Becker Green and the Managing Shareholder of the firm's Newark office, where he is based. His practice focuses on civil litigation and corporate counseling, including trial and appellate work in the area of intellectual property, complex commercial matters, and employment law. Mr. Flynn represents businesses in a broad spectrum of industries, including health care, pharmaceuticals, and financial services. His experience is similarly diverse and includes:

- Representing clients in a wide variety of intellectual property matters, including restrictive covenants, trade secrets, copyright, trademark, and patent cases
- Acting as lead trial and appellate counsel for the defendants in *Marshak v. Treadwell* and obtaining a jury verdict that invalidated plaintiff's federal registration for the mark "The Drifters" for a singing group and recognized the clients' ownership of the name
- Counseling clients and litigating disputes concerning copyright infringement, cyber-squatting, trademark infringement and counterfeiting issues, false advertising, substantiation, and consumer fraud
- Providing counsel and drafting advice for clients embarking on new business ventures, and drafts licensing, distribution, confidentiality, employment, and other agreements.

Mr. Flynn's reported cases include:

- *Somerset Orthopedic Assoc., P.A. v. Horizon Blue Cross and Blue Shield of New Jersey,* 345 N.J. Super. 410 (App. Div. 2001) (commercial contract)
- *A.K. Stamping Co. v. Instrument Specialties Co.,* 106 F. Supp. 2d 627 (D.N.J. 2000) (patent)
- *Marshak v. Treadwell,* 58 F. Supp. 2d 551 (D.N.J. 1998), *aff'd,* 240 F.3d 184 (3d Cir. 2001) (trademark and fraud)
- *The Community, Hospital Group v. More,* 183 N.J. 36 (2005) (restrictive covenants)

An accomplished author and speaker, Mr. Flynn has published articles and lectured on developments in employment law, patent and trademark jurisprudence, protection of confidentiality and trade secrets, evidence rules and trial practice, as well as on the ethical rules governing attorneys. He also has written and lectured on the protection of confidential information and the risks and rewards associated with the use of social media in the workplace and in business.

A voracious reader with an inquisitive intellect that enjoys focusing on an eclectic array of subjects, Mr. Flynn brings to his practice the sort of imaginative faculties and linguistic capacity that such endeavors and interests engender. Mr. Flynn further calls upon in the service of clients his legal, life, and educational experiences. These include being a former member of his hometown's Board of Education and of mayoral task forces on city planning and port access issues, General Counsel to the Simpson Baber Foundation for the Autistic, the present secretary/registrar for the Bayonne Youth Hockey Association, and a recipient at Wesleyan University of both the Davenport Prize (for excellence shown by a senior in government and politics) and Morningstar Award (to the varsity basketball player who best exemplifies sportsmanship, leadership, determination, and unselfishness). He is also a former law clerk to Associate Justice Marie Garibaldi of the New Jersey Supreme Court.

## PRACTICES

Litigation
- Business
- Data Breach/Cybersecurity Litigation
- Intellectual Property
- Labor & Employment Litigation
- Non-Competes, Unfair Competition and Trade Secrets

Labor and Employment
- Employment Litigation
- Non-Competes, Unfair Competition and Trade Secrets
- Social Media and the Workplace
- Whistleblowing and Compliance

## EDUCATION

J.D., Harvard Law School, *cum laude*, 1990
B.A., Wesleyan University, 1987

## BAR ADMISSIONS

New Jersey

## COURT ADMISSIONS

Supreme Court of the United States
U.S. Court of Appeals for the Federal Circuit
U.S. Court of Appeals for the Second Circuit
U.S. Court of Appeals for the Sixth Circuit
U.S. Court of Appeals for the Third Circuit
U.S. Court of Appeals for the Eleventh Circuit
U.S. District Court, District of New Jersey
U.S. District Court, Eastern District of Michigan

## MEMBERSHIPS

American Bar Association
John C. Lifland American Inn of Court for Federal Litigation & Intellectual Property
New Jersey State Bar Association

## ANNOUNCEMENTS & PRESS RELEASES

| 5/10/2013 | *Super Lawyers* 2013 Recognizes Epstein Becker Green Attorneys |
| 4/8/2013 | Epstein Becker Green Recognized in *New Jersey Law Journal*'s "Litigation Departments of the Year" Competition |
| 10/7/2011 | Epstein Becker Green, in Conjunction with Practical Law Company, Wrote and Published Statewide Guides on Non-Compete and Trade Secret Laws |

## ARTICLES

| 06/10/13 | Federal Trade Secret Enforcement Initiative Results in Swift Action, *on the* Trade Secrets & Noncompete Blog |
| 05/31/12 | "Standing Room Only," or How Professional Associations Are Filling Courts with Suits on Behalf of Members, *as appeared in* AHLA's Healthcare Liability & Litigation |
| 07/25/11 | Supreme Court Holds Government's Response to FOIA Request a "Report" Triggering FCA's Public Disclosure Bar: Relators May Not Use FOIA as Basis for Qui Tam Claims, *as appeared in* AHLA's Healthcare Liability & Litigation Health Briefs |

## CLIENT ALERTS

| 4/6/2010 | NJ Supreme Court Restricts Employer's Ability To Review Employee's Communications With Personal Attorney on Employer's Computers |
| 7/2/2009 | Appellate Court Finds No Legitimate Business Interest Furthered By Employer's Electronic Communication Policy |
| 2/26/2008 | Employee Invention Agreements Governed By Federal Law |

## CLIENT NEWSLETTERS

| 1/24/2012 | Take 5: Views You Can Use - January 2012 |
| 3/2/2010 | Take 5: Views You Can Use - March 2010 |
| 12/10/2009 | Labor & Employment e-Report - Year-End Edition! |

## CLIENT SUCCESSES

| 6/11/2013 | New Jersey Appellate Court Dismisses Suit Against Medical Claims Administrators |
| 6/5/2013 | EBG, BD Collaborate in Trade Secret Enforcement |
| 1/31/2011 | Epstein Becker Green Obtains Dismissal of Claims Seeking to Limit Health Plan Access to Information |

## EBG IN THE NEWS

| 4/1/2013 | Epstein Becker Green Recognized in "Litigation Departments of the Year" Competition by the *New Jersey Law Journal* |

| | |
|---|---|
| 10/20/2011 | Epstein Becker Green Attorneys Featured in "Uniform Trade Secrets Act: A State by State Guide" |
| 6/1/2010 | Flynn Quoted in Article About Non-Compete Agreements |

## EVENTS

| | |
|---|---|
| 10/30/2013 | Workplace Compliance: Prepare Today, Protect Your Company Tomorrow - the Epstein Becker Green 32nd Annual Labor and Employment Client Briefing |
| 5/16/2013 | Employee Benefits in the Cloud and on Social Media |
| 2/5/2013 | 2013 Seton Hall Circuit Review Symposium: Building or Defending a Case - Social Media as a Catalyst for Tangible Employment Decisions and the Ethical Conundrum It Presents |

ATTORNEY ADVERTISING

Baltimore - Boston - Chicago - Houston - Los Angeles - New York - Newark - San Francisco - Stamford - Washington, DC

EPSTEIN BECKER & GREEN, P.C.

**EPSTEIN
BECKER
GREEN**



**NEW YORK OFFICE**

Phone: 212/351-3770
Fax: 212/878-8771
250 Park Avenue
New York, New York 10177-1211

**NEWARK OFFICE**

Phone: 973/639-8284
Fax: 973/642-0099
One Gateway Center
Newark, New Jersey 07102-5311

# William S. Gyves
## Member of the Firm
WGyves@ebglaw.com

**WILLIAM S. GYVES** is a Member of the Firm and Co-Chair of its National Litigation Steering Committee. Based in the firm's New York and Newark offices, Mr. Gyves concentrates his national practice on the resolution of complex business disputes. He has represented clients in a diverse spectrum of industries, including financial services, higher education, insurance, accounting, consulting, and hospitality.

Mr. Gyves routinely represents his clients in mediations, arbitrations, injunction hearings, trials, and appeals involving a wide range of issues including:

- Complex contract disputes
- Business torts
- Data breach/Cybersecurity
- Anticybersquatting Act
- Fraud
- Restrictive covenants
- Fiduciary duty
- Tortious interference
- Unfair competition
- Partnership disputes
- Business valuations
- Trade secrets
- Real estate disputes
- Corporate veil piercing
- Securities fraud
- Letters of credit
- Promissory notes

His reported decisions include:

- *Burkes v. New York State Dental Association*, 2013 WL 3784143 (S.D.N.Y. July 18, 2013) (dismissing complaint with prejudice, court sustained a professional organization's internal disciplinary process applied in the suspension of dentist as a result of his guilty plea on a prescription drug charge and rejected claims for breach of fiduciary duty, selective enforcement, negligence, denial of due process and tortious interference)
- *Iatorola v. Efrosman*, 2008 WL 3412267 (N.J. App. Div. Aug. 14, 2008) (finding that a bank owed no duty to shareholders of corporate account holder, appellate court affirmed dismissal of shareholders' claims)

- *Endico v. Fonte*, 485 F. Supp. 2d 411 (S.D.N.Y. 2007) (concluding that member interests in a limited liability company do not constitute securities, court denied plaintiff's application for injunctive relief and dismissed federal securities claims)
- *Serio v. Black, Davis & Shue Agency, Inc.*, 2005 WL 3642217 (S.D.N.Y. Dec. 30, 2005) (in a case brought on behalf of the New York State Superintendent of Insurance and arising out of a failed workers' compensation insurance program, court froze defendant's assets based on a showing that millions of dollars in improperly withheld premiums had been transferred offshore and then disbursed to defendant's principals back in the United States)
- *Melendez v. DeVry Corp.*, 2005 WL 3184277 (E.D.N.Y. Nov. 29, 2005) (granting summary judgment and dismissing disability claim)
- *Serio v. Black, Davis & Shue Agency, Inc.*, 2005 WL 2560390 (S.D.N.Y. Oct. 11, 2005) (granting motion to stay counterclaims in order to facilitate rehabilitation of insolvent insurer by the New York State Superintendent of Insurance)
- *Bridgeport Capital Services, Inc. v. Ruby Tuesday, Inc.*, 790 N.Y.S.2d 809 (App. Term. Dec. 8, 2004) (reversing trial court, appellate court dismissed complaint and awarded sanctions in light of plaintiff's knowing pursuit of frivolous claims)
- *Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203 (S.D.N.Y. 2002) (granting partial summary judgment and rejecting plaintiff's attempt to pierce defendant's corporate veil)
- *SS&J Morris, Inc. v. I. Appel Corp.*, 2000 WL 1028680 (S.D.N.Y. July 26, 2000) (court imposed sanctions against defendant and defense counsel, finding their conduct at defendant's deposition "and their many speeches, were motivated by their desire to delay the litigation and to harass the plaintiffs" and "prevent plaintiffs' counsel from getting answers to many legitimate questions")
- *DeJesus v. Allstate Insurance Co.*, 1998 WL 292355 (S.D.N.Y. June 3, 1998) (granting summary judgment and dismissing race discrimination claim)

Mr. Gyves was Co-Executive Notes and Comments Editor of the *St. John's Law Review*. After obtaining his undergraduate degree from Fordham University and before attending law school, Mr. Gyves worked for six years as a journalist, garnering a number of awards for his coverage of politics, government, and other matters.

Mr. Gyves is a member of the American Health Lawyers Association, the Association of Private Sector Colleges and Universities, and the National Retail and Restaurant Defense Association. Beyond his professional responsibilities, Mr. Gyves is active in a number of charitable organizations. He is a member of the Board of Directors of the Make-A-Wish Foundation of New Jersey, a non-profit organization that grants the wishes of children with life-threatening medical conditions.

Mr. Gyves has published articles and presented at seminars on a variety of legal issues. In 2011, he was recognized as one of the top litigation attorneys in New York City, in *Avenue* magazine's "Legal Elite" list. He also was selected for inclusion in *New York Super Lawyers - Metro* edition (2010, 2012 to 2013).

## PRACTICES

Litigation

- Banking
- Business
- Corporate and Securities
- Data Breach/Cybersecurity Litigation
- Non-Competes, Unfair Competition and Trade Secrets

## EDUCATION

J.D., St. John's University School of Law, *cum laude*, 1991
B.A., Fordham University, 1982

## BAR ADMISSIONS

New Jersey
New York

## COURT ADMISSIONS

Supreme Court of the United States
U.S. Court of Appeals for the Second Circuit
U.S. Court of Appeals for the Third Circuit
U.S. District Court, District of New Jersey
U.S. District Court, Eastern District of New York
U.S. District Court, Northern District of New York
U.S. District Court, Southern District of New York

## MEMBERSHIPS

American Health Lawyers Association
Association of Private Sector Colleges and Universities
National Retail and Restaurant Defense Association

## BOARDS OF DIRECTORS

Make-A-Wish Foundation of New Jersey

## ANNOUNCEMENTS & PRESS RELEASES

| | |
|---|---|
| 1/6/2011 | Epstein Becker Green Adds Five Attorneys to Its National Litigation and Labor and Employment Practices in New York, Newark, Chicago and Houston |

## ARTICLES

| | |
|---|---|
| 05/05/08 | When Your Client Drops the F-Bomb During a Deposition, *as appeared in* New Jersey Law Journal |
| 10/10/05 | Welcome Relief for Lenders: Federal Truth in Lending Act Trumps New Jersey Law, *as appeared in* New Jersey Law Journal |
| 07/15/04 | Trouble No Maw: Employers Breathing Easier as Court Clarifies the Enforceability of Restrictive Covenants, *as appeared in* Metropolitan Corporate Counsel |

## CLIENT ALERTS

| | |
|---|---|
| 4/3/2013 | Possible Revisions to the Federal Rules of Civil Procedure to Be Considered at the April 2013 Advisory Committee Meeting |

## EBG IN THE NEWS

| | |
|---|---|
| 8/1/2013 | William S. Gyves Mentioned in Article, "Davis Polk Rejects $1.4m Headhunter Claim Over Hong Kong Hires" |
| 7/31/2013 | William S. Gyves and Michael T. Keilty Mentioned in Article, "Davis Polk Slams Recruiter's $1.4M Hiring Fee Suit" |

## EVENTS

| | |
|---|---|
| 11/2/2011 | Epstein Becker Green 30th Annual Client Briefing: Labor and Employment Law in the Digital Age |
| 5/1/2003 | Bureau of National Affairs Litigation Forum on Electronic Discovery and Document Retention: E-Discovery in the Post-Enron Era |
| 4/26/2002 | New York State Bar Association Seminar: Deposition Practice and Practicalities in State and Federal Court |

ATTORNEY ADVERTISING

Baltimore - Boston - Chicago - Houston - Los Angeles - New York - Newark - San Francisco - Stamford - Washington, DC

EPSTEIN BECKER & GREEN, P.C.

**EPSTEIN BECKER GREEN**



**NEWARK OFFICE**

Phone: 973/639-8289
Fax: 973/639-8930
One Gateway Center
Newark, New Jersey 07102-5311

**NEW YORK OFFICE**

Fax: 212/878-8600
250 Park Avenue
New York, New York 10177-1211

# Robert M. Travisano
Member of the Firm
RTravisano@ebglaw.com

**ROBERT M. TRAVISANO** is a Member of the Firm in the Litigation practice. Based in the firm's Newark and New York offices, he concentrates his practice in the area of complex business disputes. In 2013, he was named a "Rising Star" by *New Jersey Super Lawyers* for his work in Business Litigation.

Mr. Travisano:

- Represents institutional clients in the federal and state courts of both New York and New Jersey
- Litigates matters involving shareholder and partnership disputes
- Defends institutional clients in commercial lease actions
- Prosecutes and defends breach of contract actions

Mr. Travisano also has represented foreign and domestic insurers in the litigation and negotiation of complex coverage disputes in connection with fidelity, general liability, director and officer, and property and casualty policies. Additionally, he has defended matters involving consumer fraud and business torts.

Mr. Travisano's reported cases include:

- *Burkes v. New York State Dental Association,* 2013 WL 3784143 (S.D.N.Y. July 18, 2013) (dismissing complaint with prejudice, court sustained a private professional organization's internal disciplinary process applied in the suspension of dentist as a result of his guilty plea to a prescription drug charge and rejected claims for breach of fiduciary duty, selective enforcement, negligence, denial of due process and tortious interference)
- *Iatarola v. Efrosman,* 2008 WL 3412267 (N.J. App. Div. Aug. 14, 2008) (bank owed no duty to shareholders of corporate account holder)
- *Endico v. Fonte,* 485 F.Supp.2d 411 (S.D.N.Y. 2007) (member interests in a limited liability company that owned apartment building did not qualify as securities)
- *Serio v. Black, Davis & Shue Agency, Inc.,* 2005 WL 3642217 (S.D.N.Y. Dec. 30, 2005) (court granted preliminary injunction freezing defendant's assets based on a showing that millions of dollars in improperly withheld insurance premiums had been transferred offshore and then disbursed to defendant's principals back in the United States)

Mr. Travisano has authored or coauthored a number of articles on a variety of legal issues. While attending law school, Mr. Travisano served as the Executive Notes and Comments Editor of the *St. John's Journal of Legal Commentary* and

coauthored a Note entitled "What Is Past Is Prologue: Why Congress Should Reject Current Financial Reform Bills and Breathe New Life into Glass-Steagall" (13 *St. John's J. Legal Comment.* 373 (Winter 1998)). After graduation from law school, Mr. Travisano served as a law clerk to the Honorable Joseph A. Falcone, Assignment Judge, New Jersey Superior Court.

## PRACTICES

Litigation
- Banking
- Business
- Corporate and Securities
- Insurance Coverage And Reinsurance Disputes

## EDUCATION

J.D., St. John's University School of Law
B.A., Villanova University

## BAR ADMISSIONS

New Jersey
New York

## COURT ADMISSIONS

U.S. District Court, District of New Jersey
U.S. District Court, Eastern District of New York
U.S. District Court, Southern District of New York

## MEMBERSHIPS

New Jersey State Bar Association
New York State Bar Association

## ANNOUNCEMENTS & PRESS RELEASES

| | |
|---|---|
| 5/10/2013 | *Super Lawyers* 2013 Recognizes Epstein Becker Green Attorneys |
| 11/14/2012 | Epstein Becker Green Promotes 13 Attorneys in Four Practices - Health Care and Life Sciences, Labor and Employment, Litigation, and Corporate Services |
| 1/6/2011 | Epstein Becker Green Adds Five Attorneys to Its National Litigation and Labor and Employment Practices in New York, Newark, Chicago and Houston |

## ARTICLES

| | |
|---|---|
| 10/10/05 | Welcome Relief for Lenders: Federal Truth in Lending Act Trumps New Jersey Law, *as appeared in* New Jersey Law Journal |

ATTORNEY ADVERTISING

Baltimore  ·  Boston  ·  Chicago  ·  Houston  ·  Los Angeles  ·  New York  ·  Newark  ·  San Francisco  ·  Stamford  ·  Washington, DC

Epstein Becker & Green, P.C.